IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION


JULIE METROLIS                                                          PLAINTIFF

V.                                                CIVIL ACTION NO. 1:16-CV-109-SA-DAS

MUGSHOTS TUPELO, LLC, and
AIN'T LIFE GRAND INVESTMENTS, LLC                                       DEFENDANTS

MEMORANDUM OPINION

Julie Metrolis filed her Complaint in this Court on June 23, 2016 against her former

employer Mugshots Tupelo, LLC, a bar and restaurant, and Ain't Life Grand Investments, LLC,

Mugshots' franchisor. Ain't Life Grand (ALG) filed a Motion to Dismiss for failure to state a

claim, or in the alternative for summary judgment [15]. Metrolis responded [18] and ALG

replied [22] making this motion ripe for review.

*Factual and Procedural Background*

In her complaint, Julie Metrolis alleges that she was fired after she reported to Mugshots

and ALG that she was physically assaulted by a company manager while on vacation after

rebuffing his unwanted sexual advances. ALG is independently owned and operated by Chris

McDonald. Metrolis alleges Title VII claims for discrimination, harassment, and retaliation

against Mugshots and ALG. Metrolis also alleges a state law claim, that she was terminated in

violation of Mississippi public policy against Mugshots and ALG.

As to Metrolis' federal claims, ALG argues that it did not employ Metrolis, did not

participate in the decision to fire her, and that it is not an "employer" within the meaning of Title

VII. As to Metrolis' state law claim, ALG argues that it did not have the employment

relationship with Metrolis necessary to substantiate her claim. ALG requests that the Court

dismiss all of Metrolis' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or in the alternative, that the Court grant summary judgment in its favor.

*Standard of Review*

"Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' FED. R. CIV. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014). While a plaintiff's complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Sullivan v. Leor Energy LLC*, 600 F.3d 542, 546 (5th Cir. 2010). Whether a plaintiff has stated a plausible claim for relief is "context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed to be true and are viewed in the light most favorable to the plaintiff." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

When deciding a motion to dismiss for failure to state a claim, if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." FED R. CIV. P. 12(d). Both parties attached a number of materials to their

motions and responses that are not part of the pleadings. The Court must therefore consider how to treat the instant motion in the specific context of the Plaintiff's claims.

A two-step process is required to determine whether a defendant is an "employer" under Title VII. "First, the defendant must fall within the statutory definition. Second, there must be an employment relationship between the plaintiff and the defendant." *Deal v. State Farm Cnty. Mut. Ins. Co. of Texas*, 5 F.3d 117, 118 n. 2 (5th Cir.1993); *see also Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 764 (5th Cir. 1997); *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983);. Both of these steps require factually intensive inquiries. *Vance v. Union Planters Corp.*, 279 F.3d 295, 297 (5th Cir. 2002) (citing *Trevino*, 701 F.3d at 403); *see also Deal*, 5 F.3d at 118-19. An analysis of ALG's status as an employer for purposes of Metrolis' state law claim requires a similarly intensive factual inquiry. For this reason, the Court concludes that it would be inappropriate to consider the instant motion as one for summary judgment until both parties have had the opportunity to conduct discovery on the issue. Instead, the Court will exclude the extrinsic materials presented by the parties, and review the complaint to determine if it states sufficient facts from which the Court can reasonably infer that ALG was also Metrolis' employer. *Iqbal*, 556 U.S. at 663, 129 S. Ct. 1937.

*Title VII Claims*

"Generally only employers may be liable under Title VII." *Aguiniga v. Delgado*, No. 3:15CV562-DPJ-FKB, 2016 WL 3620728, at *3 (S.D. Miss. June 28, 2016) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). ALG argues that it was not Metrolis' employer. Metrolis responds by arguing that ALG and Mugshots were a single,

integrated enterprise, and that because it is undisputed (at this time) that Mugshots was Metrolis' employer, ALG is also her employer for purposes of Title VII.[1]

The term "employer" as used in Title VII of the Civil Rights Act was meant to be liberally construed. *Trevino*, 701 F.2d at 403 (citing *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 391 (8th Cir.1977); *Sibley Mem'l Hosp. v. Wilson,* 488 F.2d 1338 (D.C. Cir. 1973)).It has long been held in this Circuit that "superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise" (i.e., a single employer). *Schirle*, 484 F. App'x at 898 (citing *Trevino*, 701 F.2d at 404); *Schweitzer*, 104 F.3d at 764.

> Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. Courts applying this four-part standard in Title VII and related cases have focused on the second factor: centralized control of labor relations.

*Aguiniga*, 2016 WL 3620728, at *3 (quoting *Trevino*, 701 F.2d at 404); *see also Turner*, 476 F.3d at 344.

In her complaint, Metrolis alleges that ALG and Mugshots shared an interrelation of operations, that McDonald (ALG) participated extensively in the day to day operations of Mugshots, that McDonald participated in the control of labor relations for employees, and that McDonald participated in the events giving rise to Metrolis' termination. Specifically, Metrolis alleges that she was fired after reporting the assault to McDonald.

---

[1] If necessary, the Court uses the standards laid out in *Deal*, 5 F.3d 117, to resolve whether a plaintiff is an employee of the defendant (or one of the defendants, in a multi defendant case) for the purposes of Title VII. (see also *Muhammad v. Dallas County Comm. Supervision and Corrections Dep't*, 479 F.3d 377, 380 (5th Cir. 2007); *Schweitzer*, 104 F.3d at 764. "If the plaintiff is found to be an employee of one of the defendants under the *Deal* standards, but questions remain whether a second defendant is sufficiently connected to the employer-defendant so as to be considered a single employer, a *Trevino* analysis should be conducted." *Schweitzer*, 104 F.3d at 764 (citing *Trevino*, 701 F.2d at 404); see also *Schirle v. Sokudo USA, LLC*, 484 F. App'x 893, 898 (5th Cir. 2012). Because it is undisputed at this time that Metrolis was employed by one of the defendants, Mugshots, the Court will move directly to the integrated enterprise analysis.

Considering the factual allegations[2] in the context of the *Trevino* factors, and in the context of a Rule 12(b)(6), the Court finds that Metrolis' complaint states sufficient facts from which the Court can reasonably infer that ALG was her employer for purposes of her federal claims. ALG's motion is denied without prejudice as to Metrolis' federal claims.

*State Law Claim*

As noted above, Metrolis' claim, that she was terminated in violation of Mississippi public policy, also requires a factually intensive analysis making it inappropriate for consideration under the summary judgment standard at this early stage of the case. Instead, the Court must decide whether Metrolis' complaint states sufficient facts from which the Court can reasonably infer that ALG was her employer for purposes of her state claim.

ALG alleges that it was not Metrolis' employer and cites to Mississippi cases that reject wrongful discharge claims when no employment relationship exists. ALG fails to cite any authority to support its legal contention that it did not have an employment relationship with Metrolis. *See e.g.*, *Saulsberry v. Atlantic Richfield Co.*, 673 F. Supp. 811, 816 (N.D. Miss. 1987); *Frank v. City of Flowood*, 2016 WL 1564267, at *6 (Miss. Ct. App. Apr. 19, 2016). Instead ALG attempts to dispute Metrolis' allegations factually. This argument is unavailing in the 12(b)(6) context. Whether the Plaintiff has the ultimate burden of proof at trial on any of their claims is irrelevant here because, for purposes of the Defendant's Rule 12(b)(6) motion, the Plaintiff has no burden of proof.[3] Rather, the issue is whether the Plaintiff, based on her pleadings, has stated a claim upon which relief can be granted.

---

[2] The Court recognizes that Metrolis' allegations do include some legal conclusions and disregards them because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[3] All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists. Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.)

For these reasons, and for the reasons stated above related to Metrolis' federal claims, the Court finds that her complaint states sufficient facts from which the Court can reasonably infer that ALG was also Metrolis' employer for purposes of her state claim. ALG's motion to dismiss is therefore denied without prejudice as to Metrolis' state claim.

*Conclusion*

Defendant Ain't Life Grand's Motion to Dismiss for failure to state a claim [15] is DENIED without prejudice.

SO ORDERED on this the 28th day of November, 2016.

        /s/ Sharion Aycock
        UNITED STATES DISTRICT JUDGE